John SCHER, an infant by his Guardians ad Litem Jack Scher and Jane Scher, and Jack Scher and Jane Scher, Individually, Appellants,

v.

BOARD OF EDUCATION OF the TOWN OF WEST ORANGE, John Curry as Principal of Mountain High School, and Theodore D'Alessio as Superintendent of Public Schools in the Town of West Orange.

No. 18089.

United States Court of Appeals, Third Circuit.

Argued March 17, 1970.

Decided April 23, 1970.

Bernard A. Kuttner, Newark, N.J., for appellants.

Brian C. Harris, Braff, Litvak & Ertag, East Orange, N.J. (Jerome B. Litvak, East Orange, N.J., on the brief), for appellees.

Samuel A. Christano, West Orange, N. J., for appellee Board of Education.

Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The appeal here is from the allowance of defendants' motion to dismiss plain-

tiffs' complaint and entry of summary judgment in favor of defendants.

■ The complaint of John Scher, the infant plaintiff and of his father and mother as his guardians ad litem and as individuals states that "this action arises out of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred on this Court under the Fourteenth Amendment to the United States Constitution, Sections 1331 and 1343 of Title 28 of the United States Code and Sections 1981 and 1983 of Title 42 of the United States Code.[1] The matter in controversy exceeds exclusive of interest and costs, the sum of $10,000." It is charged in the complaint that on January 25, 1968 John Scher was a senior at Mountain High School in West Orange, New Jersey, and had applied to several colleges in the hope of matriculating in the fall of 1968; that on said date Frank D'Alonzo, Athletic Director-Administrative Assistant of Mountain High with whom Scher had had difficulty for the last past two years, after an oral argument with Scher pushed the latter against a wall and after a scuffle beat him viciously, getting him down on the floor and causing a severe injury to his nose and face; that the principal of Mountain High, Curry, admittedly expelled him (though the effect at first was suspension) the next day without any hearing whatsoever to John Scher, as appears in the defendants' brief in the District Court which with affidavits was relied on for defendants' motion to dismiss. According to the complaint that expulsion or suspension was done in an arbitrary, capricious and unreasonable manner, that Curry refused to stay it pending a hearing "although he was advised that every day the infant plaintiff was barred from school was causing him irreparable harm." There was a public meeting announced for 8:15 A.M. March 1, 1968 in order to decide whether Scher was to be expelled. Scher's attorney made a short statement at the meeting as did one other citizen. After that the printed opinion and decision of the defendant Board of Education expelling Scher which except for one sentence had been *"prepared on Thursday, February 29, 1968"* was produced. (Emphasis supplied.) Plaintiffs claim there was never any real due process hearing with permission to bring all witnesses available or cross-examination of witnesses against Scher. The latter was not allowed to take his mid-semester tests which had been scheduled for January 25, 1968. He was denied permission for home study. Damages are sought on all six counts of the complaint. Throughout the complaint plaintiffs affirmatively state that their constitutional rights had been violated by the arbitrary, unreasonable, wanton and malicious acts of all the defendants.

In the presentation of the motion to dismiss it was categorically stated to the hearing judge that "Plaintiff relies solely upon the alleged jurisdiction of this Court under 28 U.S.C. 1343(3) and upon the substantive rights alleged to be con-

---

1. Section 1343(3), 28 U.S.C. reads:
"§ 1343. Civil rights and elective franchise
   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; * * *."
Section 1983, 42 U.S.C.A. reads:
"§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979."

ferred by 42 U.S.C.A. 1983." Citing several early decisions the brief of the defendants then stated: "There has been no allegation in this case that any acts of the defendant (*even had they been unfair*) were motivated in any way by racial or other discrimination. In this case, 1343 does not give Federal Courts jurisdiction and the action should be dismissed." (Emphasis supplied.) Point one of the brief which was the base of defendants' motion stated "Point 1, 28 U.S.C. 1343 does not confer subject matter jurisdiction over this controversy on this Court as there is no issue of racial discrimination involved." That theory was strongly pressed and in the order dismissing the complaint which was drawn by defendants' attorneys, they set out that the reason for the motion was *"on the grounds that 28 U.S.C. 1343 does not confer jurisdiction over the controversy as there was no issue of racial discrimination involved. * * *."* (Emphasis supplied.) Following that statement the order dismisses the complaint for lack of jurisdiction. The defendants appellees have followed the same course in this appeal. Under the caption "Issue Presented" they say "(1) Whether a Federal Court has jurisdiction under 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983 under circumstances in which no racial discrimination is claimed?" In their counter-statement of facts they say that their motion inter alia argued that § 1343 of Title 28 U.S.C. does not confer subject matter jurisdiction in the absence of an allegation of racial discrimination and thus plaintiffs' complaint should be dismissed. They mention that the complaint was dismissed upon the grounds that the Federal Court did not possess jurisdiction over this matter.

As above detailed the complaint in its first paragraph of its first count affirmatively sets out that "this action arises out of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." It goes on to also include as authority for the suit Sections 1331 and 1343 of Title 28 and Sections 1981 and 1983 of Title 42. Further on in the complaint it is flatly charged that the expulsion of John Scher was "a violation of his constitutional rights, * *."

The defense theory given the Court and resulting in the dismissal of the complaint was erroneous. 42 U.S.C.A. § 1983 above quoted protects "any citizen of the United States from the deprivation of any rights, privileges or immunities secured by the Constitution and laws * * *." It does say that "Every person who under color of any statute, * * * subjects or causes to be subjected any citizen, * * * shall be liable to the party injured, * * *." 28 U.S.C. 1343(3) also quoted gives the District Courts jurisdiction of any civil action authorized by law to be commenced by any person "To redress the deprivation under color of any State law, statute, ordinance, regulation, *custom* or *usage*, of any right, * * * secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens, * * *." (Emphasis supplied.)

The above statutes are not limited to dealing with racial or religious discrimination. There is a passing allusion by appellants that might possibly be considered as looking towards the latter but there is no accusation in the complaint of either racial or religious discrimination. The defendant School Board in any event says it cannot be sued under § 1983 because it is not a person. Monroe v. Pape [365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492] is cited in support of this but there, it was the City of Chicago itself which was ruled to be not within the reach of § 1983. The Board also asserts that, the decision in Bomar v. Keyes, 162 F.2d 136 (2 Cir. 1947) "held that a cause of action under 42 U.S.C. § 1983 for depriving a teacher of her privileges will not lie against the Board of Education since it is an arm of the municipality performing municipal functions. Therefore if Federal jurisdiction is found under the facts at bar,

and it is respectfully submitted that it should not, the appellant's suit against the West Orange Board of Education should be dismissed since it is not a 'person' under 42 U.S.C. 1983." The Bomar case was a suit by the teacher against the principal involved and the City of New York. The Court concluded that the complaint was rightly dismissed as to the City "for it had no part in the supposed wrong." Regarding the New York Board of Education, Judge Learned Hand for the Court, p. 139, ruled that "The statute provides that 'the educational affairs of each city shall be under the general management and control of a board of education,' and *the Board is a corporate body which may be sued, and to which all claims must be presented.*" (Emphasis supplied.) The opinion went on to say, p. 140, "that the New York Education Law does give to a 'member of the teaching staff' a right over against the Board for 'negligence * * * resulting in personal injury or property damage'". It is rather difficult to imagine how Bomar could help the Board at all to defeat the plaintiffs' cause against it particularly at the present stage of these proceedings where the Board to date has not even bothered to reveal its status under the New Jersey Educational law or the pertinent West Orange Educational ordinances and rules.

Still concerning ourselves with the Civil Rights statutes we find the explicit language of § 1983 covers "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." This Circuit in Basista v. Weir, 340 F.2d 74, 79, (3 Cir. 1965) categorically so holds. There was no element of racial or religious discrimination in that litigation. Randell v. Newark Housing Authority, 384 F.2d 151 (3 Cir. 1967) stands for the same sound interpretation of Section 1983. In 1968 the Second Circuit aptly ruled in a quite similar situation to ours that "A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Holmes v. N. Y. C. Housing Authority, 2 Cir., 398 F.2d 262, 265.

While the Civil Rights law is rightfully stressed in the complaint, violation of the Fifth, Sixth and especially the Fourteenth Amendments are firmly a part of the plaintiffs' cause and are never discarded. The language of the complaint could have perhaps been sharper in spots but that is no dispositive Federal practice error. As it stands the complaint makes the clear charge that John Scher was not accorded due process under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. As late as March 23, 1970, the United States Supreme Court in comparable circumstances held that a public assistance recipient is entitled to a full, fair evidentiary hearing, including cross-examination, in compliance with the procedural due process guaranteed by the Due Process Clause of the Fourteenth Amendment. Goldberg, Commissioner, appellant v. Kelly et al., 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.

We express no opinion whatsoever with respect to the merits of this action. We note that the defendants have demanded a jury "on all of the issues." The judgment of the District Court will be vacated and this case will be remanded to that Court for further proceedings not inconsistent with this opinion.